IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-00415-PAB

PATRICIA N. BORGERS,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

---

**ORDER TO SHOW CAUSE**

---

    The Court takes up this matter *sua sponte* on the complaint [Docket No. 1] filed by plaintiff Patricia N. Borgers. Plaintiff claims that the Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332. Docket No. 1 at 2, ¶ 4.

    In every case and at every stage of the proceeding, a federal court must satisfy itself as to its own jurisdiction, even if doing so requires *sua sponte* action. *Citizens Concerned for Separation of Church & State v. City & Cty. of Denver*, 628 F.2d 1289, 1297 (10th Cir. 1980). Absent an assurance that jurisdiction exists, a court may not proceed in a case. *See Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Courts are well-advised to raise the issue of jurisdiction on their own, regardless of parties' apparent acquiescence. First, it is the Court's duty to do so. *See Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) ("[I]f the parties fail to raise the question of the existence of jurisdiction, the federal court has the duty to raise and resolve the matter."), *abrogated on other grounds by Dart Cherokee Basin*

*Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014). Second, "[s]ubject matter jurisdiction cannot be conferred or waived by consent, estoppel, or failure to challenge jurisdiction early in the proceedings." *Id.* Finally, delay in addressing the issue only compounds the problem if it turns out that, despite much time and expense having been dedicated to a case, a lack of jurisdiction causes it to be dismissed or remanded regardless of the stage it has reached. *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

It is well established that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). Plaintiff invokes 28 U.S.C. § 1332 as the basis for this Court's diversity jurisdiction. Docket No. 1 at 2, ¶ 4. Section 1332(a)(1) states: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States." The facts as presently averred, however, do not provide sufficient information regarding the citizenship of plaintiff.

The complaint states that plaintiff is a "resident of the State of Colorado." Docket No. 1 at 1, ¶ 1. However, domicile, not residency, is determinative of citizenship. *See Kramer v. Sears Roebuck & Co.*, 1997 WL 141175, at *3 (10th Cir. Mar. 28, 1997) (unpublished). Plaintiff indicates that she "was the owner of a residence located at 324 Cottonwood Creek Road, Durango, CO," Docket No. 1 at 2, ¶ 5, but also states that "her home was essentially destroyed" and "she was essentially rendered homeless" by

2

a water damage incident.  *Id*. at 7, ¶ 37.  The information provided by plaintiff is insufficient because it does not allow the Court to independently assess the alleged jurisdictional basis.  *See Pinkard Constr. Co.*, 2009 WL 2338116, at *3; *Affordable Cmty. of Mo. v. EF & A Capital Corp.*, 2008 WL 4966731, at *2-3 (E.D. Mo. Nov. 19, 2008) (statement that none of the unidentified members of an LLC was a citizen of a particular state was insufficient to establish diversity of citizenship).

For the foregoing reasons, it is **ORDERED** that, on or before **5:00 p.m. on March 6, 2018**, plaintiff Patricia N. Borgers shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED February 26, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge