IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-00415-PAB-STV

PATRICIA N. BORGERS,

    Plaintiff,

v.

STATE FARM FIRE AND CASUALTY COMPANY,

    Defendant.

## ORDER

    This matter is before the Court on plaintiff's Appeal Pursuant to F.R.C.P. 72 of Magistrate's Orders re Scheduling of Discovery and Other Deadlines [Docket No. 26]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

    This is an insurance coverage dispute. On June 16, 2017, defendant State Farm Fire and Casualty Company issued a homeowners insurance policy to plaintiff Patricia N. Borgers. Docket No. 15 at 1, ¶ 5. Plaintiff alleges that, in July 2017, her home flooded as a result of a damaged hot water pipe while she was in Texas attending her husband's funeral. Docket No. 7 at 2, ¶¶ 6-8. On September 13, 2017, defendant denied plaintiff's insurance claim, halting repairs on the home that had not yet been completed. Docket No. 7-1; Docket No. 15 at 4, ¶ 21.

    On February 20, 2018, plaintiff filed her complaint. Docket No. 1. She alleges breach of contract, promissory estoppel, and bad faith denial of coverage. Docket No. 7. On May 2, 2018, Magistrate Judge Scott T. Varholak held a scheduling conference

and entered a scheduling order. Docket Nos. 23, 24. In the proposed scheduling order, plaintiff argued that this case should be given a preferential trial date pursuant to Colo. Rev. Stat. § 13-1-129 because of her advanced age and health problems. *See* Docket No. 21 at 9, ¶ 8.d. At the scheduling conference, the magistrate judge indicated that he believed § 13-1-129 is a procedural statute and stated that plaintiff should file a motion on the issue so that he or the Court could rule on the issue. Docket No. 25 at 12:7-22. The magistrate judge adopted defendant's proposed deadlines for discovery based on the assumption that § 13-1-129 was not binding. *Id*. at 12:23-13:2. Plaintiff did not file the suggested motion. Instead, on May 16, 2018, plaintiff filed a timely appeal of the scheduling order pursuant to Fed. R. Civ. P. 72(a). Docket No. 26.

When a magistrate judge issues an order on nondispositive matters, "[a] party may serve and file objections to the order within 14 days after being served with a copy." Fed. R. Civ. P. 72(a). "The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." *Id*. "[A] party's objections . . . must be both timely and specific to preserve an issue for de novo review by the district court." *United States v. One Parcel of Real Property Known As 2121 East 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). To be sufficiently specific, an objection must "enable[] the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *See id.* at 1059 (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a proper objection, the Court may review a magistrate judge's recommendation or order under any standard it deems appropriate. *See Summers v.*

*Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas*, 474 U.S. at 150 ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

Plaintiff requests that "the Court, by way of applying [§] 13-21-129 [sic] or otherwise, . . . take Plaintiff's unique circumstances surrounding her age and health into account, in addressing timing of discovery, in a manner which accelerates the existing dates in the Scheduling Order to either directly reflect the dates proposed by Plaintiff, or provides for some reasonable compromise which moves the case along in a more expedited fashion giving consideration to Plaintiff's age and health." Docket No. 26 at 8. Despite the high standard of review, plaintiff cites no authority other than § 13-1-129 and Fed. R. Civ. P. 1 in support of her argument. *See id*. at 11.

Under either relevant subsection of § 13-1-129, plaintiff must file a motion requesting a preferential trial date and the issues of health and age alone are not dispositive. Under § 13-1-129(1), a court "shall" grant a motion for a preferential trial date where a party "suffers from an illness or condition raising substantial medical doubt of survival of that party beyond one year and which satisfies the court that the interests of justice will be served by granting such motion for a preferential trial date." Under § 13-1-129(2), a court "may" grant such a motion from a party that is "at least seventy years of age" if it makes a finding that the party's "claim is meritorious." Plaintiff does not attempt to show there is doubt that she will survive another year. Plaintiff is 77 years of age and, thus, she could file a motion under § 13-1-129(2) requesting discretionary relief. *See* Docket No. 26-6. As noted above, however, plaintiff has not

filed such a motion, despite the magistrate judge's suggestion that she do so. Thus, the Court must overrule plaintiff's objection that the magistrate judge should have applied § 13-1-129 because she has not shown that the magistrate judge clearly erred. Moreover, as the magistrate judge indicated, there is little reason to believe that § 13-1-129(2) is binding in federal court because it is a procedural statute that does not bear on the outcome of the case, only on the timing of a trial. *See Trierweiler v. Croxton & Trench Holding Corp.*, 90 F.3d 1523, 1539-41 (10th Cir. 1996) (discussing *Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938) and its progeny); *Tait ex rel. Tait v. Hartford Underwriters Ins. Co.*, 49 P.3d 337, 343 (Colo. App. 2001) (quoting the remand order in *Tait ex rel. Tait v. Western Summit Const.*, No. 00-cv-01057-DBS, Docket No. 6 (D. Colo. May 24, 2000), indicating a belief that the insurance company's attempts to remove the case were a "very transparent attempt" to avoid the applicability of § 13-1-129). Plaintiff does not provide any persuasive argument to the contrary. *See* Docket No. 26 at 7.

Regarding plaintiff's objection that the Court should take plaintiff's circumstances into account even if § 13-1-129 is inapplicable, the Court finds that plaintiff failed to raise this issue before the magistrate judge. In the proposed scheduling order, plaintiff argued that the magistrate judge should accelerate the trial schedule based on the applicability of § 13-1-129 only. *See* Docket No. 24 at 9. While plaintiff's counsel mentioned plaintiff's health at the scheduling conference, he did not make an argument that her health provided good cause for an accelerated schedule. *See* Docket No. 25 at 11:4-6 ("[W]e are really talking a lot of experts and there is some real issues with my

client's health."). While plaintiff's age and health are legitimate concerns that can be taken into account in determining the case schedule, the Court declines to address the issue in the first instance on appeal. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996). Therefore, the Court will overrule plaintiff's objection that the magistrate judge should have taken her age and health into account independent of § 13-1-129. Nonetheless, plaintiff may file a motion to modify the scheduling order for "good cause." Fed. R. Civ. P. 16(b)(4).

For the foregoing reasons, it is

**ORDERED** that the objections contained in plaintiff's Appeal Pursuant to F.R.C.P. 72 of Magistrate's Orders re Scheduling of Discovery and Other Deadlines [Docket No. 26] are **OVERRULED**.

DATED September 10, 2018.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge